UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN FEDOROVICH, | ) | CASE NO. 5:23-cv-1009 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRINITY SERVICES GROUP, INC., *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are two unopposed motions to dismiss. (*See* Doc. No. 11 (Motion of Defendant Trinity Services Group, Inc.); Doc. No. 12 (Motion of Defendant Stark County Sheriff).) For the reasons set forth herein, both motions are granted and this action is dismissed with prejudice.

**I.    Background**

On May 1, 2023, pro se plaintiff Steven Fedorovich ("Fedorovich" or "plaintiff") filed a complaint in Stark County Court of Common Pleas (*see* Doc. No. 1-1 (Complaint)) against defendants Trinity Services Group, Inc. ("Trinity Services") and Stark County Sheriff ("the Sheriff") (together, "defendants"). On May 18, 2023, Trinity Services, with the consent of the Sheriff, removed the action to this Court on the basis of federal question jurisdiction. (Doc. No. 1 (Notice of Removal).)

From the context of his complaint and other documents filed in the case, it is apparent that Fedorovich is an inmate at the Stark County Jail. His single-sentence complaint states:

> I[,] Steven Fedorovich, Pro Se, come before this Court with the complaint of Anti-Semetic [sic] Acts and Cruel and unusual punishment perpitrated [sic] by the defendants.

(Doc. No. 1-1, at 2.[1]) Fedorovich attached several documents to his complaint. These appear to be (1) an inmate grievance form dated April 24, 2023 (*id*. at 3); (2) a handwritten document describing alleged conduct by "CO Sayer" (*id*. at 4); (3) a Medical Diet Order dated April 24, 2023, stating an allergy to mustard (*id*. at 5); and (4) a handwritten document describing alleged conduct by "C. Ramos" (*id*. at 6). The gravamen of these four documents is a complaint by Fedorovich that he is not being afforded a kosher diet at the jail, despite having requested one, and that he is being given mustard, despite allegedly being allergic to it.

## II.    Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Further, "[a]lthough pro se pleadings are to be liberally construed, [the Court is] not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

When a motion to dismiss is unopposed, that failure "constitute[s] a waiver of any argument that [a] dismissal [is] improper[.]" *Akaazua v. Walker Novak Legal Grp., LLC*, No. 19-2183, 2021 WL 4097500, at *1 (6th Cir. Jan. 8, 2021) (citation omitted).

**III.     Analysis**

    **A.     Motion to Dismiss of Trinity Services (Doc. No. 11)**

On June 20, 2023, Trinity Services timely filed a motion to dismiss for failure to state a claim. (Doc. No. 11.) Fedorovich was served by regular mail on that same day. Fedorovich has not opposed the motion and the time for any opposition has passed.[2]

---

[2] Local Rule 7.1(d) requires that any opposition to a dispositive motion (such as a motion to dismiss) be filed within 30 days of service. Fed. R. Civ. P. 6(d) provides that 3 additional days are added when service is by mail. The Court acknowledges that, on May 31, 2023, Fedorovich filed a "Motion for Time Extension" (Doc. No. 6), which remains pending, but will be denied by virtue of the instant order. (He also filed a motion for appointment of counsel (Doc. No. 7), which will also be denied.) Fedorovich's motion for extension indicates neither the purpose for which an extension is sought nor the amount of time sought. More notably, it was filed 3 weeks before Trinity Service's motion to dismiss and 6 weeks before the Sheriff's motion discussed below. Therefore, Fedorovich's motion cannot have been seeking an extension to oppose either of these motions to dismiss. A "blanket" motion for extension of time is unacceptable and the mere filing of a such a motion does not automatically entitle one to extensions going forward. Deadlines are deadlines, unless modified by a Court order entered before the expiration of the deadline. This is the rule even for a *pro se* litigant. *Akaazua*, 2021 WL 4097500, at *1 ("there is no basis for treating a pro se litigant more generously than a represented litigant when a pro se litigant fails to comply with an easily understood deadline") (citing *In re Edwards*, 748 F. App'x 695, 700 (6th Cir. 2019)). Moreover, "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect[,]" *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citation omitted), even if those "mistakes [are made] by those who proceed without counsel[.]" *Id.* (citation omitted).

As properly noted by Trinity Services, Fedorovich's complaint does not identify the statutory basis for his alleged claims. (*Id*. at 4.) That said, liberally construing the complaint, it seems to be alleging an action for purported deprivations of Fedorovich's constitutional rights relating to his religious diet. The exclusive vehicle for bringing such a claim is 42 U.S.C. § 1983. *See Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations or rights established in the constitution).

To establish a claim under section 1983, a plaintiff must plead and prove two elements: "[1] violation of a right secured by the Constitution and laws of the United States, . . . [2] committed by a person acting under color of state law." *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998) (citation omitted). Moreover, liability cannot be premised on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

With respect to Trinity Services, Fedorovich's complaint fails as to the second element. Fedorovich has alleged no facts from which one might infer that Trinity Services has *acted* in any way, much less that it is a *state* actor within the meaning of section 1983. For that matter, other than inclusion in the caption of the complaint, there is simply no other mention of Trinity Services in the complaint or in any of the attachments to the complaint.

Trinity Services is entitled to dismissal of this action for failure to state a claim. Its motion to dismiss (Doc. No. 11) is granted.

### B.  Motion to Dismiss of Stark County Sheriff (Doc. No. 12)

Defendant Stark County Sheriff has also moved for dismissal, asserting that the complaint fails to state a cognizable claim for relief, that there is no basis for individual liability, that the

Sheriff's Department is not *sui juris*, and that there is entitlement to immunity under Ohio law. Fedorovich has not opposed this motion and the time for doing so has passed. (*See* n.2, *supra*.)

As already noted, although a local governing body can be sued directly under section 1983, the liability cannot be premised on a theory of *respondeat superior*. *Monell*, 436 U.S. at 690–91. Rather, the only way that the Sheriff (in his official capacity, since there are no individual capacity allegations) or the Stark County Sheriff's Department (if it were even named in the complaint) could be liable would be if Fedorovich pleaded and proved a policy or custom of the Sheriff or the Sheriff's Department that was the driving force behind the alleged constitutional violations. *Id.*

There are no allegations in the complaint directed at the Sheriff or the Sheriff's Department. The only connection between them and Fedorovich is that Fedorovich is apparently an inmate in a jail overseen by them. Fedorovich does not allege any actions taken by the Sheriff or the Sheriff's Department and, in fact, does not mention either of them in the complaint, except in the caption, where the Sheriff (but not the Sheriff's Department) is included. The complaint does not allege any policy or custom that might be used to impose liability under *Monell*. And, to the extent the "Stark County Sheriff" can be construed as the "Stark County Sheriff's Department," that department is not *sui juris* and is not subject to suit. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (citing cases holding that a county sheriff's office is not a legal entity capable of being sued under section 1983).

Defendant Stark County Sheriff is entitled to dismissal and this defendant's motion to dismiss (Doc. No. 12) is granted.

**IV.    Conclusion**

For the reasons set forth herein, both motions to dismiss (Doc. No. 11 and Doc. No. 12) are granted and this case is dismissed with prejudice. Any additional pending motions are denied

5

as moot. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: August 16, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**